JUDGE ABRAMS

13 CIV 53

JUDGE ABRAMS

RECEIVED JAN 03 2013 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRYSLER CORPORATION,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Chrysler Corporation ("Defendant" or "Chrysler") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,917,405 entitled *"Control Apparatus and Methods for Vehicles"* (hereinafter, the "'405 patent"; a copy of which is attached hereto as Exhibit A), United States Patent No. 6,549,130 entitled *"Control Apparatus and Method for Vehicles and/or for Premises"* (the "'130 patent"; a copy of which is attached hereto as Exhibit B), and United States Patent No. 6,542,076 entitled *"Control, Monitoring and/or Security Apparatus"* ("the '076 patent"; a copy of which is attached hereto as Exhibit C). Plaintiff is the owner of the '405

patent, the '130 patent, and the '076 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703. Plaintiff is the owner of the patents-in-suit and has the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the patents-in-suit, and the right to sublicense the patents-in-suit, collect damages, and sue for infringement and recover past damages from Defendant.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan, 48326.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of New York and the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendant has sought protection and benefit from the laws of the State of New York; Defendant regularly conducts business

2

within the State of New York and within the Southern District of New York; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of New York, and the Southern District of New York. Upon information and belief, Defendant has committed patent infringement in the State of New York and in the Southern District of New York. Defendant solicits customers in the State of New York and in the Southern District of New York. Defendant has many paying customers who are residents of the State of New York and the Southern District of New York and who each use Defendant's products and services in the State of New York and in the Southern District of New York.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. The '405 patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 1999 after full and fair examination for systems and methods for controlling vehicles using at least three control devices. Plaintiff is the owner of the '405 patent and possesses all substantive rights and rights of recovery under the '405 patent, including the right to sue for infringement and recover past damages.

9. The '130 patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003, after full and fair examination for systems and methods for

controlling vehicle or premises systems using at least three control devices. Plaintiff is the owner of the '130 patent and possesses all substantive rights and rights of recovery under the '130 patent, including the right to sue for infringement and recover past damages.

10. The '076 patent was duly and legally issued by the United States Patent and Trademark Office on April 1, 2003, after full and fair examination for systems and methods for controlling vehicles and/or premises using at least three control devices. Plaintiff is the owner of the '076 patent, and possesses all substantive rights and rights of recovery under the '076 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

11. Defendant became aware of the infringing nature of their actions at the latest upon the receipt of a letter dated November 2, 2012, which informed the Defendant of the patents-in-suit and Defendant's infringement.

12. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '405 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, its vehicles with an onboard computer, incorporated into Defendant's vehicles, for the purpose of controlling a vehicle system through at least three control devices, such as, but not limited to, a combination of a satellite, the onboard computer, and the vehicle's sound system.

13. Upon information and belief, Defendant has also contributed to the infringement of one or more claims of the '405 patent and/or actively induced others to infringe one or more claims of the '405 patent, in this district and elsewhere in the United States by providing a control apparatus, as defined in the '405 patent, that has no substantial non-infringing uses, other

than to activate, deactivate, enable, and disable a vehicle system. Further, Defendant knowingly induces infringement and encourages infringement by its purchasers by providing not only the control apparatus, but also detailed instructions to the purchasers on how to use the systems.

14. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '130 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, its vehicles with an onboard computer, incorporated into Defendant's vehicles, for the purpose of controlling a vehicle system through at least three control devices, such as, but not limited to, a combination of a satellite, the onboard computer, and the vehicle's sound system.

15. Upon information and belief, Defendant has also contributed to the infringement of one or more claims of the '130 patent and/or actively induced others to infringe one or more claims of the '130 patent, in this district and elsewhere in the United States by providing a control apparatus, as defined in the '130 patent, that has no substantial non-infringing uses, other than to activate, deactivate, enable, and disable a vehicle system. Further, Defendant knowingly induces infringement and encourages infringement by its purchasers by providing not only the control apparatus, but also detailed instructions to the purchasers on how to use the systems.

16. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '076 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, its vehicles with an onboard computer, incorporated into Defendant's vehicles, for the purpose of controlling a vehicle system through at least three control devices, such as, but not limited to, a combination of a satellite, the onboard computer, and the vehicle's sound system.

17. Upon information and belief, Defendant has also contributed to the infringement of one or more claims of the '076 patent and/or actively induced others to infringe one or more claims of the '076 patent, in this district and elsewhere in the United States by providing a control apparatus, as defined in the '076 patent, that has no substantial non-infringing uses, other than to activate, deactivate, enable, and disable a vehicle system. Further, Defendant knowingly induces infringement and encourages infringement by its purchasers by providing not only the control apparatus, but also detailed instructions to the purchasers on how to use the systems.

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the '405 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

21. Defendant's infringement of Plaintiff's exclusive rights under the '130 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

22. Defendant's infringement of Plaintiff's exclusive rights under the '076 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

23.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

   A. An adjudication that one or more claims of the '405 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

   B. An adjudication that one or more claims of the '130 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

   C. An adjudication that one or more claims of the '076 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

   D. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

E. That one or more of the Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of their actions at the time of receipt of a notice letter (dated November 2, 2012) and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '405 patent, the '130 patent, and the '076 patent;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

H. Any further relief that this Court deems just and proper.

Dated: December 31, 2012

Respectfully submitted,

_____
Maureen V. Abbey
**HENINGER GARRISON DAVIS, LLC**
NY Bar No. MA-1562
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone: (212) 896-3876
Facsimile: (646) 378-2001
E-mail: maureen@hgdlawfirm.com

Attorney for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC

8

## CERTIFICATE OF SERVICE

I hereby certify that I will have the foregoing papers served on Defendant or Defendant's agent for service by personal service in accordance with the Local Rules and Federal Rules of Civil Procedure upon issuance of the summons by the Court.

_____
Maureen V. Abbey