UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOAO CONTROL & MONITORING SYSTEMS, LLC,** | **Case No. 4:13-cv-13957-MAG-MAR** |
| *Plaintiff*, | |
| v. | |
| **CHRYSLER GROUP LLC,** | |
| *Defendant.* | |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on November 21, 2013 and was attended by: Steven W. Ritcheson, Maureen Abbey and Dara Jeffries for Plaintiff Joao Control & Monitoring Systems, LLC ("JCMS") and Kimberly Parke and Patrick Seyferth for Defendant Chrysler Group LLC ("Chrysler").

1. **<u>Brief Statement(s) Describing the Action.</u>**

**<u>Plaintiff's Statement</u>**

This is a patent infringement suit commenced by Plaintiff on January 3, 2013 against Chrysler Corporation in the Southern District of New York. A corrected complaint was filed to correct the named Defendant to Chrysler Group LLC on February 4, 2013 (Dkt. Nos. 2, 3). Plaintiff filed a Second Amended Complaint on May 15, 2013. The complaints allege that Defendant infringes Unites States Patent No. 5,917,405 entitled "*Control Apparatus and Methods for Vehicles*" (hereinafter the "'405 patent"), United States Patent No. 6,549,130 entitled "*Control Apparatus and Method for Vehicles and/or for Premises*" (the "'130 patent"), and United States Patent No. 6,542,076 entitled "*Control, Monitoring and/or Security Apparatus*" ("the '076 patent"), all of which are valid patents, by making, using, selling and offering for sale UConnect Access, and services such as Bluetooth® Audio Streaming, Sirius XM Radio, through the onboard computer functionality offered in its vehicles including vehicles sold under the Chrysler brand, the Dodge RAM brand, Viper brand, and other Chrysler family brands. Plaintiff believes that Chrysler infringes the patents-in-suit both directly and indirectly. On July 29, 2013, Plaintiff filed a Third Amended Complaint adding claims of infringement against Defendant under the U.S. Patent

No. 7,297,363 entitled "*Control and/or Monitoring Apparatus*." The '405 patent, the '130 patent, the '076 patent, and the '363 patent are collectively referred to as "the Patents-in-Suit". The damages should be measured under 35 U.S.C 1, et seq.

Defendant's arguments against infringement and validity are premature and not based on a full and accurate understanding of the patents. The patents are valid, and/or were valid prior to expiration. Chrysler had knowledge of the patents prior to expiration and its allegations disputing infringement are based on an overly narrow interpretation of the asserted claims of the patents-in-suit. Based on information and belief, evidence of direct infringement exists. Fact discovery and expert discovery is necessary on these disputed issues. Plaintiff objects to Chrysler's insertion of equitable defenses as unsubstantiated, conclusory allegations.

Plaintiff does not believe limitations on the number of claims or prior art references at this early stage is beneficial, and suggests that these types of limitations are more appropriately considered after a Markman Order has issued.

**Defendant's Statement**

The present case was transferred from the Southern District of New York. Prior to transfer, Judge Forrest limited Joao to no more than eight asserted claims from each patent and limited Chrysler to no more than ten prior art references

against each patent. Chrysler believes that this Court should enter an Order following that case management approach.

Chrysler does not infringe the Patents-in-Suit. Joao has not and cannot make any facially plausible allegations that Chrysler directly infringes the Patents-in-Suit. Chrysler has not made, used, sold, offered for sale, and/or imported in or into the United States any product that includes or uses, either literally or under the doctrine of equivalents, the three control devices as recited in any claim in the Patents-in-Suit. Indirect infringement requires notice of the Patents-in-Suit, and Chrysler did not have knowledge or notice of the Patents-in-Suit until approximately November 2, 2012. Chrysler has not contributed to the infringement of the Patents-in-Suit at least because Chrysler's products, including the on-board computer and the vehicle sound system, have substantial non-infringing uses. Chrysler has not induced infringement because, at a minimum, Chrysler lacked the requisite state of mind and did not actively and knowingly aid or abet the direct infringement of another. Chrysler has not committed indirect infringement under 35 U.S.C. § 271(b)-(c) because no direct infringement occurs using the three control devices as recited in any claim in the Patents-in-Suit.

The Patents-in-Suit are invalid. One or more of the claims fail to recite patent eligible subject matter under 35 U.S.C. § 101 because one or more of the claims, for example claim 16 of the '405 patent, is invalid under the U.S. Supreme

Court's opinion in *Bilski v. Kappos*, 130 S. Ct. 3218 (2010). The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious. For example, all of the limitations of claim 1 of the '405 patent are present or obvious in light of the disclosure of at least U.S. Patent Nos. 5,276,728 ("the '728 patent") and 5,513,107 ("the '107 patent"). The '728 and '107 patents constitute prior art under at least 35 U.S.C. § 102(e). The claims of the patents-in-suit fail to meet the requirements of 35 U.S.C. § 112, at least as lacking written description and enablement for failing to describe and enable the full scope of the claims.

Joao's claims against Chrysler are barred, in whole or in part, by one or more of the equitable doctrines of laches, waiver, estoppel and unclean hands because of Joao's unreasonable and inexcusable delay in filing this litigation and/or its intervening actions both during prosecution of the patents-in-suit and between issuance of the patents-in-suit and the dates of the filing of the Complaint, Second Amended Complaint and the Third Amended Complaint. The '405 patent issued on June 29, 1999. The '076 patent issued on April 1, 2003. The '130 patent issued on April 15, 2003. The '363 patent issued on July 8, 2008. Despite the fact that Chrysler and its predecessors have sold and publicly marketed the accused functionality for several years, Joao made no assertion of any claim against Chrysler until, at the earliest, Chrysler received Joao's purported November 2,

5

2012 letter. Chrysler has been materially prejudiced by Joao's delay in bringing forward its claim at least because the passage of so much time has potentially led to the loss of evidence that Chrysler could use in defending itself against Joao's claims.

The '405 patent, '130 patent, and '076 patent expired on June 8, 2013, because they all claim priority on their faces to an earlier patent application filed on June 8, 1993. Therefore, Joao is legally prohibited from obtaining an injunction with respect to those patents in this case.

2. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a); the claims of patent infringement arise under 35 U.S.C. § 1, et seq.

3. **Relationship to Other Cases.**
   a. **Plaintiff's Position:** This case involves some of the same patents that are in issue in the following cases that are presently before Judge Mark A. Goldsmith. Plaintiff requests that this case be coordinated with the Ford cases for discovery and pretrial purposes.
      i. *Joao Control & Monitoring Systems, LLC v. Ford Motor Company*, case no. 4:12-cv-14004-MAG-MAR (E.D. Mich.) (formerly case no. 2:12-cv-0033-DOC-RNBx (C.D. Calif.));

    ii. *Joao Control & Monitoring Systems, LLC v. Ford Motor Company*, case no. 2:13-cv-13957-MOB-DRG (E.D. Mich.) (previously case no. 1:12-cv-01479-GMS (D. Del.).

    iii. Plaintiff informs the Court that the case identified by Defendant as *Joao Control & Monitoring Systems, LLC v. American Traffic Solutions, Inc.*, Case No. 13-243-GMS, District of Delaware has been dismissed and is not an active case. The remaining cases involve different parties and different infringing activities.

b. **Defendant's Position:** Chrysler joins in Joao's request that this case be coordinated with the Ford cases for discovery and pretrial purposes. Additionally, below is a list of related cases of which Chrysler is aware:

- *Joao Control & Monitoring Systems, LLC v. Ford Motor Company*, Case No. 4:12-cv-14004-MAG-MAR and 4:13-cv-13615-MAG-MAR, Eastern District of Michigan

- *Joao Control & Monitoring Systems, LLC v. American Traffic Solutions, Inc.*, Case No. 13-243-GMS, District of Delaware

- *Joao Control & Monitoring Systems, LLC v. Jaguar Land Rover North America LLC*, Case No. 13-507-GMS, District of Delaware

- *Joao Control & Monitoring Systems, LLC v. Vivint, Inc.,* Case No. 13-508-GMS, District of Delaware

- *Joao Control & Monitoring Systems, LLC v. Mitsubishi Motors North America Inc.*, Case No. 13-614-GMS, District of Delaware

- *Joao Control & Monitoring Systems, LLC v. Mazda Motors of America,* Case No. 13-728-GMS, District of Delaware

- *Joao Control & Monitoring Systems, LLC v. Lowe's Cos., Inc.*, Case No. 13-56, Western District of North Carolina

- *Joao Control & Monitoring Systems, LLC v. City of Yonkers et al.,* Case No. 12-7734-KBF, Southern District of New York

- *Joao Control & Monitoring Systems, LLC v. Digital Playground et al.*, Case No. 12-7734-KBF, Southern District of New York

4. **Discovery Plan; Necessity of Amendments and Proposed Schedule**[1]

The Parties believe that third party discovery and expert discovery will be necessary. The Parties do not anticipate further amendments to the pleadings, nor addition of third parties to this case.

Referral to Magistrate Judge/Settlement Conference. The parties have discussed settlement, including the use of a third party mediator. These discussions have not been successful in reaching settlement. Chrysler believes that

8

referral to the Magistrate for mediation would be appropriate. Plaintiff does not believe settlement is likely, and believes a neutral mediator, agreeable to both parties, would be appropriate.

**The Parties propose** the following Discovery Plan set forth below for this patent infringement litigation. Additionally, Ford Motor Company has agreed to this schedule going forward (with two additional dates for its schedule.)

- a. <u>Patent-Related Disclosures</u>. The parties shall adhere to the following schedule for patent-related disclosures:
    - i. <u>Infringement Contentions.</u> On July 29, 3013, Plaintiff previously served on Defendant claim charts for the identified accused products identifying the asserted claims of the patents-in-suit that each product allegedly infringes. Plaintiff served on Chrysler supplemental infringement contentions on **August 30, 2013**.
    - ii. <u>Priority.</u> Plaintiff previously identified the priority dates it intends to rely on for each of the patents-in-suit when it served the infringement contentions, and supplemented infringement contentions on **July 29, and August 30, 2013**.
    - iii. <u>Invalidity Contentions.</u> This case was transferred prior to Defendant serving its invalidity contentions, which were due under the previous court's schedule for service on or before September 11, 2013. No invalidity contentions have been

9

served to date. Defendant shall serve its invalidity contentions on **March 19, 2014**.

b. <u>*Markman* Claim Construction Hearing.</u> A *Markman* claim construction hearing shall be held at the Court's convenience after **October 30, 2014**. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues, including exchanging proposed terms for construction on **April 29, 2014**, and proposed constructions on **May 28, 2014**. On or before **July 9, 2014**, the parties shall submit a Final Joint Claim Construction Chart which shall include citations to all intrinsic and extrinsic evidence to be relied on. If the parties choose to use experts for claim construction issues, affirmative reports related to claim construction will be due on **July 23, 2014**. Any rebuttal expert reports will be due on **August 20, 2014**. Discovery related to claim construction shall close on **September 11, 2014**. Defendant shall file its opening claim construction brief on **September 24, 2014**, Plaintiff shall file its answering claim construction brief on **October 22, 2014**; and Defendant shall file its reply claim construction brief on Tuesday, **October 30, 2014**.

c. <u>Witness Lists.</u> The Parties will exchange preliminary lay witness lists within **30 days** after the Court's claim construction ruling.

d. <u>Fact discovery.</u> Fact discovery shall be completed within **60 days** after the Court's ruling on claim construction.

e. <u>Expert Discovery</u>.

   i. The Parties shall exchange expert witness lists within **45 days** after the Court's ruling on claim construction.

   ii. Expert reports on issues which the Parties bear the burden of proof shall be due within **90 days** after the Court's ruling on claim construction.

   iii. Responsive expert reports shall be due within **120 days** after the Court's ruling on claim construction.

   iv. Expert discovery shall be completed within **150 days** after the Court's ruling on claim construction.

f. <u>Dispositive Motions</u>.  Any dispositive motions and/or motions to exclude expert testimony shall be filed within **180 days** after the Court's ruling on claim construction.

g. <u>Motions in *Limine*</u>.  All motions in *limine*, other than motions to exclude expert testimony, shall be filed within **210 days** after the Court's ruling on claim construction.

h. <u>Exhibit Lists</u>.  The Parties will exchange Exhibit lists within **15 days** after the Court's ruling on dispositive motions.

i. <u>Joint Final Pretrial Order.</u>  The Joint Final Pretrial Order will be filed within **30 days** after the Court's ruling on dispositive motions.

j. <u>Final Pretrial Conference.</u>  The final pretrial conference will take place at the Court's convenience after the parties submit to the Joint Final Pretrial Order.

11

k. <u>Trial.</u>  The trial will take place at the Court's convenience after the Final Pretrial Conference.  The parties currently estimate a trial length of 9 court days.  The parties will attempt to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.  But the parties jointly believe that it is too early in the case for the parties to be able to foresee to what methods may be useful and agreed upon.

5. **<u>Anticipated Motions.</u>**

The Parties believe that the following legal issues are relevant to this case, will require discovery on these issues and expect to file motions on these issues, including dispositive motions.

    a. The construction of the claims of the Patents-in-Suit.
    b. The validity and alleged infringement of the Patents-in-Suit by Defendant.
    c. The invalidity and unenforceability of the Patents-in-Suit.
    d. The legal prohibition on Plaintiff's request for an injunction this case.
    e. The limitations on Plaintiff's ability to collect damages in this case, including whether the patents-in-suit are unenforceable due to laches.
    f. Whether the patents-in-suit are limited by prosecution history estoppel.
    g. The nature, basis, and merits of the additional defenses asserted by Defendant.

    h. Plaintiff's claim for damages, costs, attorneys' fees, enhanced damages, and/or injunctive relief.

    i. Defendant's claim for attorneys' fees and costs.

6. **<u>Use of Case Evaluation.</u>**

Plaintiff is agreeable to a private mediation when appropriate. Defendant will evaluate a potential mediation after the Parties' informal settlement discussions.

7. **<u>Discovery Agreements</u>**

The Parties agree to follow the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan for written discovery and depositions.

    a. **Protective Order.** The Parties will negotiate the terms of an appropriate Protective Order in good faith and shall submit a Proposed Protective Order to the Court.

    b. **Limitations on E-mail Discovery**

        i. Plaintiff does not believe any limitations on email discovery are necessary. Plaintiff agrees to serve requests specific to email discovery which requests will be sufficiently defined. Plaintiff disagrees that Defendant's proposal for email discovery is

13

efficient or practicable to implement Plaintiff does not know custodians of Chrysler's emails and is not in a position to rely upon Chrysler's suggestion of who the proper custodians are. Moreover, a specific email discovery request is a better method of searching for relevant emails, is more likely to result in relevant materials and less likely to result in non-responsive materials. Additionally, search terms are not always a reliable manner of searching and obtaining responsive materials.

  ii. Chrysler proposes to meet and confer with respect to the production of e-mail discovery and agree upon no more than 5 e-mail custodians and 20 search terms to be applied to the custodians' email.

c. **Form of Electronic Production.** The Parties have agreed that they will produce documents and electronically stored information electronically (e.g., on compact discs or hard drives) in an imaged format (e.g., TIFF), with load files. Plaintiff requests that Defendant produce single page TIFFs with Concordance Opticon load files (or a compatible format) (including BegBates, EndBates and Page Count) and OCR text or extracted text. Defendant requests that Plaintiff produce single page TIFFs with Concordance Opticon load files (or a

compatible format) (including BegBates, EndBates and Page Count) and OCR text or extracted text. To the extent any Party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the Parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The Parties have further agreed that they will meet and confer in good faith to ensure that the format of each Party's production is compatible with the technical requirements of the receiving Party's document management system.

d. **Privilege Log**.

i. The Parties propose that the Parties log privileged and/or work product documents and produce privilege logs in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii), within thirty (30) days of the date on which non-privileged documents are produced in response to a request also encompassing such privileged documents or within sixty (60) days of the date on which such documents were the subject of a discovery request, whichever is later.

ii. The Parties further propose that privileged and/or work product documents created by any Party after the filing of the Original

Complaint do not need to be logged. The Parties otherwise propose following the Federal Rules of Civil Procedure including without limitation Rules 26(b)(5)(A) and the corresponding Local Civil Rules of this District for matters relating to privilege logs.

e. **Service by Electronic Mail.** Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the Parties consent to service by electronic mail. In the event that non-delivery of the electronic mail occurs (e.g., sender receives non-delivery email receipt), then an alternative form of service as permitted by the Federal Rules of Civil Procedure and the Civil Local Rules shall be utilized after the sender has contacted the intended recipient via telephone or email to notify the intended recipient of the non-delivery.

   i. The Parties agree to serve discovery, motions and all correspondence via electronic mail where reasonably possible (i.e. in the event file sizes are too large, service shall be by courier or U.S. mail).

f. The above provisions may be modified by written agreement of the Parties and/or by further Order of the Court.

Respectfully submitted,

**HENINGER GARRISON DAVIS, LLC**

*/s/ Maureen V. Abbey*
Steven W. Ritcheson
9800 D Topanga Canyon Blvd., #347
Chatsworth, CA 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
swritcheson@hgdlawfirm.com

Maureen V. Abbey
220 Saint Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (908) 301-9008
maureen@hgdlawfirm.com

*Attorneys for Plaintiff*

 */s/ Kimberly R. Parke*
Frank C. Cimino, Jr.
Megan S. Woodworth
Kimberly R. Parke
DICKSTEIN SHAPIRO LLP
Attorney for Defendant
CHRYSLER GROUP LLC
1825 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 420-2200
Facsimile:  (202) 420-2201
CiminoF@docksteinshapiro.com
WoodworthM@dicksteinshapiro.com
ParkeK@dicksteinshapiro.com

*Attorneys for Defendant*

17

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on December 11, 2013, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to all attorneys of record who are registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

*/s/ Maureen V. Abbey*