UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOAO CONTROL AND MONITORING
SYSTEMS, LLC,

       Plaintiff,

                                                                  Civil Action No. 13-CV-13615

vs.                                                 HON. MARK A. GOLDSMITH

FORD MOTOR CO.,

       Defendant.

and


JOAO CONTROL AND MONITORING
SYSTEMS, LLC,

       Plaintiff,

                                                                 Civil Action No. 13-CV-13957

vs.

                                                 HON. MARK. A. GOLDSMITH

CHRYSLER GROUP, LLC,

       Defendant.

_____/


**OPINION AND ORDER REGARDING LIMITATION OF CLAIMS**

**I.     INTRODUCTION**

    These are patent infringement cases that have been consolidated.  Plaintiff Joao Control and Monitoring Systems, LLC and Defendants Ford Motor Company and Chrysler Group, LLC filed discovery plans in which they drew the Court's attention to a dispute regarding whether the number of asserted claims should be limited.  The Court ordered supplemental briefing on the issue of claim limitation.   Having considered the parties' arguments, the Court concludes that it

1

is appropriate to limit the number of claims in these cases. For the reasons set forth more fully below, Plaintiff is limited to a total of fifteen asserted claims against Defendant Ford, and Plaintiff is limited to up to eight claims per patent asserted against Defendant Chrysler. Plaintiff may file a motion to modify these limitations for good cause on or before January 14, 2014.

## II.      PROCEDURAL BACKGROUND

The pending matters originated as three separate cases originally filed in three different federal district courts. Joao Control and Monitoring Systems, LLC v. Ford Motor Company (12-14004) initially was filed in the Central District of California; it was transferred to the Eastern District of Michigan on September 11, 2012, and reassigned to the undersigned Court on April 4, 2013. Joao Control and Monitoring Systems, LLC v. Ford Motor Company (13-13615), originally filed in the District of Delaware, was transferred to the Eastern District of Michigan on August 22, 2013, and reassigned to the undersigned on September 4, 2013. Finally, Joao Control and Monitoring Systems, LLC v. Chrysler Group, LLC (13-13957), filed on January 3, 2013 in the Southern District of New York, was transferred to the Eastern District of Michigan on September 16, 2013, and reassigned to the undersigned on October 15, 2013.

On December 24, 2013, the Court entered an Order consolidating for all purposes Case Nos. 12-14004 and 13-13615, and directing all filings to be made in Joao Control and Monitoring Systems, LLC v. Ford Motor Company (13-13615) ("the Ford case"). The Court also ordered the Ford case to be consolidated with Joao Control and Monitoring Systems, LLC v. Chrysler Group, LLC (13-13957) ("the Chrysler case") for pretrial purposes only.

Plaintiff alleges infringement of various patents. The complaints filed in the two original Ford cases claim infringement of five total patents. First, the complaint filed in Case No. 12-14004 asserts infringement of (i) United States Patent No. 5,917,405 entitled "Control Apparatus

and Methods for Vehicles" and (ii) United States Patent No. 6,549,130 entitled "Control Apparatus and Method for Vehicles and/or for Premises." Third Am. Compl. (Case No. 12-14004, Dkt. 29). The complaint filed in Case No. 13-13615 alleges infringement of the following patents: (i) United States Patent No. 6,542,076 entitled "Control, Monitoring And/Or Security Apparatus And Method;" (ii) United States Patent No. 6,542,077 entitled "Monitoring Apparatus For A Vehicle And/Or A Premises;" and (iii) United States Patent No. 7,397,363 entitled "Control And/Or Monitoring Apparatus And Method." Compl. (Case No. 13-13615, Dkt. 1).[1] Finally, the complaint filed in the Chrysler case asserts infringement of the following patents: (i) United States Patent No. 5,917,405 entitled "Control Apparatus and Methods for Vehicles;" (ii) United States Patent No. 6,549,130 entitled "Control Apparatus and Methods for Vehicles and/or for Premises;" (iii) United States Patent No. 6,542,076 entitled "Control, Monitoring, and/or Security Apparatus;" and (iv) United States Patent No. 7,397,363 entitled "Control and/or Monitoring Apparatus and Method." Third Am. Compl. (Dkt. 4).

The parties submitted discovery plans and supplemental memoranda in which they set forth their positions regarding limiting the number of claims in these cases (Dkts. 30, 35, 36 in Case No. 12-14004; Dkt. 17 in Case No. 13-13957). On December 18, 2013, the Court conducted a status conference for all of the cases, at which the Court inquired whether any party wished to file anything further on the issue of claim limitations. All counsel stated that they did not wish to file anything further. On December 23, 2013, the Court conducted a telephonic status conference at which the Court shared its decision on claim limitation, i.e. a total of fifteen claims against Ford and non-disturbance of the transferor court's order limiting Plaintiff to eight claims

---

[1] As part of consolidation, the Court ordered Plaintiff to file a consolidated complaint embracing the claims asserted in both Ford cases on or before January 10, 2014. <u>See</u> Order of Consolidation (Case No. 13-13615, Dkt. 17).

per patent against Chrysler.

### III.    ANALYSIS

**A.  The Ford Case**

For the reasons that follow, the Court concludes that Ford has presented a cogent argument for limiting the number of asserted claims, whereas Plaintiff has failed to explain why proceeding with an unlimited number of claims at this stage would be necessary or beneficial.  In addition, Defendant Ford has provided a number of district court cases that limit the number of patent claims, as well as appellate court cases affirming this practice.  The Court will limit Plaintiff to fifteen asserted claims in the Ford matter for now, but will allow Plaintiff to file a motion to modify this ruling on or before January 14, 2014.

Ford asserts that, prior to the transfer of the first Ford case, Judge David O. Carter in the Central District of California, via a July 16, 2012 order, directed Plaintiff to limit the number of claims to fewer than ten.  Discovery Plan at 9 (Dkt. 30 in Case No. 12-14004).  Ford argues that many courts, including the Court of Appeals for the Federal Circuit, have concluded that limiting the number of patent claims that a plaintiff may assert may be an appropriate exercise of discretion in proper circumstances.  Def. Supplemental Mem. at 4 (Dkt. 35 in Case No. 12-14004).  Defendant contends that limiting the number of claims in this case to ten is appropriate.  Id. at 5-6.  In support of this contention, Defendant relies on several federal appellate and district court decisions limiting the plaintiff to one to three claims per patent.  Id. at 6.   Defendant further asserts that Plaintiff has not articulated a rational basis for asserting more than ten claims, particularly given that Plaintiff has only accused one instrumentality, the Ford SYNC System, of infringement.  Id. at 6-7.

In its supplemental memorandum, Plaintiff argues that Judge Carter did not enter any

order regarding claim limitation, and that any preliminary statements to the parties did not constitute a binding order.  Pl.'s Supplemental Mem. at 3 (Dkt. 36 in Case No. 12-14004). Plaintiff further contends that, prior to the transfer from the Central District of California, Plaintiff had only identified one accused service, but the amendment to the complaint added six additional accused instrumentalities; therefore, Plaintiff asserts it would not be fair to limit the number of claims.  Id. at 4.  Plaintiff requests instead that the parties engage in discovery and discuss a process for reducing the number of claims.  Id. at 4-5.

In light of these arguments, the Court turns to applicable law.  In recent cases, the Federal Circuit has affirmed decisions of the district courts to limit the number of asserted claims in patent cases.  For example, in In re Katz Interactive Call Processing Patent Litigation, 639 F.3d 1303, 1311-1312 (Fed. Cir. 2011), where the plaintiff had asserted fourteen infringed patents, the district court limited the plaintiff to sixteen claims per defendant group.  The district judge also "provided that more claims could be added if [the plaintiff] could show that the additional claims presented unique issues."  Id. at 1312.  The Federal Circuit affirmed the district court's use of claims limitation, concluding that the allocation of burdens in the claim selection procedure did not deprive the plaintiff of due process of his property rights.  Id. at 1311-1312; see also Stamps.com Inc. v. Endicia, Inc., 437 F. App'x 897, 902 (Fed. Cir. 2011) (affirming the district court's reduction of 629 claims in 11 patents to 15 claims total, where the district court stated that it "would remain flexible if plaintiffs showed good cause for additional claims").  These cases establish the broad discretion of a district court to "limit the scope of trial in a patent case by limiting the number of claims that can be asserted."  3D Systems, Inc. v. Envisiontec, Inc., No. 05-74891, 2011 WL 4691937, at *6 (E.D. Mich. Oct. 6, 2011).

In Katz, 639 F.3d at 1311-1312, the Federal Circuit also affirmed the district court's

allocation of burdens in the claim limitation process. Noting that the defendants had "made a convincing showing that many of the claims are duplicative," the district court had directed the plaintiff to "point out those unselected claims that raised separate issues of infringement and invalidity rather than requiring the defendants to prove that all of the unselected claims were duplicative." The Federal Circuit concluded that "it was both efficient and fair to require [the plaintiff] to identify those unasserted claims that, in [the plaintiff's] view, raised separate legal issues from those raised by the asserted claims." Id. at 1312.

The Court concludes that Ford has met its initial burden of showing that limiting the number of asserted claims would be appropriate in this case. Ford's argument is sound that Plaintiff accuses only one "instrumentality" of infringement, the Ford SYNC System, and that the other various accused instrumentalities that Plaintiff refers to are simply features of the SYNC System. This substantiates the conclusion that the various accused features and asserted claims are interrelated or involve significant overlap.

 In addition, Ford's cited authorities limiting claims are applicable and persuasive. See Havco Wood Prods., LLC v. Indus. Hardwood Prods., Inc., No. 10-566, 2011 WL 5513214, at **5-6 (W.D. Wis. Nov. 10, 2011) (limiting the plaintiff to fifteen claims total for five patents); Hearing Components, Inc. v. Shure, Inc., No. 07-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (ordering the plaintiff to "select no more than three (3) representative claims from each patent for claim construction and trial"); Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions, No. 04-0038, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (limiting the plaintiff to ten claims total for eight patents). These cases indicate that limiting the number of asserted claims to one to three claims per patent would be consistent with the approaches of various district courts.

6

In response to Ford's arguments, Plaintiff has not explained why it should proceed without any limitation on the number of claims.  Plaintiff argues that it recently amended its complaint to add more instrumentalities, but Plaintiff does not explain why this would require Plaintiff to assert an unlimited number of claims at this point.  Plaintiff does not clarify how the different instrumentalities operate or how the various patents or instrumentalities are related or unrelated.  Furthermore, although Plaintiff emphasizes that Judge Carter did not issue a formal claim limitation order, Plaintiff does not explain why that affects the appropriateness of limiting the number of claims at this juncture in the case.

In light of the parties' arguments and the applicable case law, the Court concludes that it is appropriate to limit Plaintiff to a total of fifteen asserted claims against Ford.  Although Ford argues that Plaintiff should be limited to ten claims, the Court notes that there are currently five patents at issue in this consolidated case and concludes that it is reasonable to allow Plaintiff the equivalent of three asserted claims per patent, for a total of fifteen claims.

Given the parties' arguments thus far, however, the Court further concludes that it is appropriate to allow Plaintiff to file a motion to modify this order by showing good cause to assert additional claims.  See, e.g., Katz, 639 F.3d at 1311 ("When the claimant is in the best position to narrow the dispute, allocating the production burden to the claimant will benefit the decision-making process . . . .").  As the Court indicated at the conclusion of the December 23 conference, Plaintiff may file a motion to modify this order on or before January 14, 2014.

## B.  The Chrysler Case

Plaintiff asserts that limitations on the number of claims at this stage would not be beneficial, and that any limitation on claims should be considered after the Markman claim construction hearing.  Discovery Plan at 3 (Dkt. 17).   Chrysler contends that, prior to transfer

7

from the Southern District of New York, Judge Katherine B. Forrest limited Plaintiff to no more than eight asserted claims per patent. Id. at 3. Chrysler argues that the Court should adopt Judge Forrest's order regarding claims limitation. Id. at 3-4.

The Court rejects Plaintiff's contention that the Court should wait to consider a limitation on the number of asserted claims until after the claim construction hearing. It would be a waste of time and resources to conduct a claim construction hearing for a multitude of claims that Plaintiff may later elect not to pursue during the claim selection process. See Oasis Research, LLC v. Adrive, LLC, No. 10-00435, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011) (concluding that "limiting the amount of claims asserted by Plaintiff is appropriate at this time [prior to the claim construction hearing and the completion of fact discovery, expert reports, depositions, and trial] to aid in efficiency and narrowing the claims prior to claim construction"); see also Hearing Components, Inc., 2008 WL 2485426, at *1 (ordering claim limitation prior to claim construction).

The Court notes that Chrysler is not seeking to reduce the number of claims to fewer than the eight claims per patent ordered by Judge Forrest. Nor does Plaintiff – beyond arguing that claim limitation should not be considered at this stage at all – assert a basis for increasing the number of claims above eight per patent. Although the Chrysler and Ford cases appear to be similar and a lower number would be justified, the Court will not disturb the claim limitation order previously entered in this case by Judge Forrest. Plaintiff is limited to eight claims from each patent against Chrysler. Plaintiff may file a motion to modify this order by showing good cause to assert additional claims on or before January 14, 2014.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff is limited to a total of fifteen claims against Ford.

Additionally, Plaintiff is limited to eight claims from each patent against Chrysler. Plaintiff may

file a motion to modify this ruling on or before January 14, 2014.


        SO ORDERED.

Dated: January 10, 2014                    s/Mark A. Goldsmith_____
      Flint, Michigan                    MARK A. GOLDSMITH
                                      United States District Judge

## CERTIFICATE OF SERVICE

        The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2014.

                    s/Deborah J. Goltz_____
                    DEBORAH J. GOLTZ
                    Case Manager